DEMOCRATIC–REPUBLICAN OR-GANIZATION OF NEW JERSEY; Eugene M. Lavergne, Esq.; Frederick John Lavergne; Leonard P. Marshall; Scott Neuman; Tracy M. Caprioni; Kimberly Sue Johnson; Donald E. Letton

v.

Kimberly GUADAGNO; Edward P. McGettigan; Timothy Tyler; Joseph Ripa; Rita Marie Fulginiti; Gloria Noti; Christopher J. Durkin; James Hogan; Barbara A. Netchert; Mary H. Melfi; Paula Sollami–Covello; M. Claire French; Elaine Flynn; Joan Bramhall; Scott M. Colabella; Kristin Corado; Gilda T. Gill; Brett Radi; Jeff Parrott; Joan Rajoppi; New Jersey Republican Party; New Jersey Democratic Party; John Hogan.

Democratic–Republican Organization of New Jersey; Eugene M. Lavergne, Esq.; Frederick John Lavergne; Leonard P. Marshall; Tracy M. Caprioni; Kimberly Sue Johnson; Donald E. Letton, Appellants.

No. 12–3977.

United States Court of Appeals, Third Circuit.

Nov. 5, 2012.

Richard Luzzi, Oller & Luzzi, Rockaway, NJ, for Appellants.

Eugene M. Lavergne, Esq., West Long Branch, NJ, pro se.

Donna Kelly, Esq., Office of Attorney General of New Jersey Department of Law & Public Safety Richard J. Hughes Justice Complex, Trenton, NJ, for Kimberly Guadagno.

James F. Ferguson, Esq., Atlantic City, NJ, for Edward P. McGettigan.

James B. Arsenault, Jr., Esq. Cape May, NJ, for Rita Marie Fulginiti.

Brendan J. Kavanagh, Esq., Law Offices of Brendan J. Kavanagh, Millville, NJ, for Gloria Noti.

John M. Carbone, Esq., Carbone & Faasse, Ridgewood, NJ, for James Hogan and Mary H. Melfi.

Kirstin Bohn, Esq., Michael D. Witt, Esq., Chasan, Leyner & Lamparello, Secaucus, NJ, for Barbara A. Netchert.

Joseph A. Bilal, Esq., New Brunswick, NJ, for Elaine Flynn.

Before: FUENTES, SMITH and HARDIMAN, Circuit Judges.

## JUDGMENT ORDER

JULIO M. FUENTES, Circuit Judge.

Having considered the record on appeal and the decision of the District Court, we affirm substantially for the reasons set forth by the District Court in its thorough and well-reasoned opinion.

We pause to note that the District Court correctly applied the balancing test set forth by the Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983). The District Court concluded that Plaintiffs failed to provide any support or evidence that the ballot placement provisions for political party candidates burdened their independent candidacies. Furthermore, the District Court recognized that New Jersey's interest in maintaining a manageable ballot sufficiently justified its statutory scheme. Additionally, it concluded that Plaintiffs failed to establish that prohibiting them from referencing the names of New Jersey's political parties in their ballot slogan impermissibly burdened their First Amendment rights, and that the State's interest of avoiding voter confusion justified the ballot slogan limitation. We find no error in this analysis. Appellants' request for final declaratory and permanent injunctive relief is dismissed as moot.

Accordingly, it is hereby ORDERED and ADJUDGED by the Court that the judgment of the District Court, entered October 10, 2012, is hereby affirmed.